This is an appeal from a summary judgment, made final pursuant to Rule 54(b), in favor of Harold Walker, a real estate developer. We affirm.
The plaintiffs, Mr. and Mrs. Jose DeAravjo, purchased a house constructed by Langston Builders in Shelby County, Alabama. Langston Builders had purchased, for $10,000, the lot on which the house was built from Harold Walker, who had had the drainage system, the curbs, and the gutters installed prior to the sale of the lot. Following the construction of the house, it was discovered that the lot had a drainage problem that resulted in the flooding of the lot and house. As a result of damage to their property, the DeAravjos sued Langston Builders and Walker, alleging fraud based on their failure to disclose the propensity of the land to flood, and alleging breach of an implied covenant that the property was fit for the construction of a residence. The trial court entered a summary judgment in favor of Walker, holding that the doctrine of caveat emptor applied to the purchase of the lot and holding further that the DeAravjos were not in privity with Walker.
At the outset, we point out that the depositions and evidence before the court when it ruled on Walker's summary judgment motion indicate that Walker made no representations to the DeAravjos or to Langston. Walker testified in his deposition that he relied on an engineering survey and on the City of Alabaster's inspection in the construction of the drainage system, and there was no evidence offered which tended to show that Walker knew and failed to disclose that the drainage system would not adequately handle any drainage on the lot.
We reaffirm our recent holding in Morris v. Strickling,579 So.2d 609 (Ala. 1991), that the doctrine of caveat emptor applies with regard to the purchase of unimproved land:
 "The Morrises argue that the exception to the caveat emptor rule as stated in Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313, 314 (1971) (holding that the rule caveat emptor would no longer be applicable to the sale of a newly constructed house, and recognizing an implied warranty of fitness and habitability with regard to such sales), should be extended to situations, such as the one at bar, involving the purchase of an unimproved piece of property. We disagree.
 "The Court of Civil Appeals has addressed the purchase of real estate as follows:
 " 'Furthermore, while Alabama courts recognize the implied warranty of fitness and habitability for the purpose purchased [sic] in newly constructed homes, we know of no such implied warranty extending to the purchase of lands. The physical condition of the premises has fallen under the rule of caveat emptor. See Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313 (1971); 77 Am.Jur.2d Vendor and Purchaser § 329.'
 "Scott v. Gill, 352 So.2d 1143, 1145
(Ala.Civ.App. 1977). While the Morrises argue that the Scott
case dealt with 'raw, vacant and unimproved land' as opposed to land improved for the purpose of building houses, we are unwilling to extend the Cochran exception to land with no dwelling, because we are of the opinion *Page 1294 
that the dispositive question would then become the often difficult question of whether a particular parcel is 'improved' or 'unimproved' and, if 'improved,' then for what purpose."
Morris v. Strickling, 579 So.2d 609, 610-11 (Ala. 1991).
Furthermore, because the DeAravjos have offered nothing to indicate either that Walker was in privity with them or that Walker knew that the drainage system was inadequate for any suspected drainage problems prior to the sale of the property, we affirm the summary judgment of the trial court.
The judgment in this case is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.