MONROE, Judge.
This is an appeal from summary judgments in favor of defendants Danny Dean Whitt, Sandra Whitt, and Thurman Neely Drake, in a case involving the plaintiff Wilburn Jones’s purchase of a new home and an adjacent vacant lot.
In July 1993, Jones and his wife, Jeannette, who has since died, purchased a new residence from Annie Mae Whitt. The home was on Lot 20 in Sandra Acres, a subdivision in Madison County. Annie Mae Whitt had built the home. Her son, Danny Dean Whitt, testified in his deposition that she had been a homebuilder for between 30 and 40 years.
A few months later, in September 1993, the Joneses bought Lot 21, the vacant lot adjacent to their home, from Danny Dean Whitt and his wife, Sandra. There was no house or other improvement on the property. Soon after buying the vacant lot, Jones discovered that water was standing in the crawl space underneath his house. He also discovered that the soil did not percolate properly; that fact created drainage problems and septic tank problems.
Jones then brought this action. His complaint alleged claims of negligence, suppression, and breach of warranty of habitability against the builder, Annie Mae Whitt. These claims are pending in Madison Circuit Court and are not the subject of this appeal. The complaint also alleged claims of negligence against Danny Dean Whitt and Drake, as co-developers of the property, and suppression of a material fact against Danny Dean Whitt and Sandra Whitt. Danny Dean Whitt, Sandra Whitt, and Drake moved for summary judgments. The judgments were made final pursuant to Rule 54(b), Ala.R.Civ.P.
The trial court granted summary judgments in favor of each of them as to each claim against them. Jones appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Jones contends that the trial court erred in entering summary judgments for Danny Dean and Sandra Whitt and Drake.
We note that after the defendants filed their motions for summary judgment, Jones filed a motion for leave to amend his complaint. The defendants filed motions to strike the proposed amendment to the extent that it concerned these defendants; the court *315 granted those motions. The trial court also granted the defendants’ motions to strike portions of affidavits, depositions, and responses to discovery Jones had submitted in opposition to the motions for summary judgment. On appeal, Jones does not make an argument concerning these orders of the trial court; therefore, we will address only whether the trial court’s entry of the summary judgments was otherwise proper.
To enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).
“[T]o defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).” Altadena Valley Golf & Country Club v. Blue Cross & Blue Shield of Alabama, 644 So.2d 913 (Ala.1994).
“On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to show ‘substantial evidence’ in support of his or her position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990).” Altadena Valley Golf & Country Club, 644 So.2d at 915.
In his original complaint, Jones alleged that Danny Dean Whitt and Drake were negligent in that, he claimed, as members of the Architectural Control Committee of Sandra Acres, they had failed to properly monitor, control, and direct the building of the house on Lot 20 and had failed to require the builder, Annie Mae Whitt, to add fill dirt so that the soil on the lot would percolate properly.
“Whether there is a duty is the threshold inquiry in a negligence case. ‘It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty.’ ” Ledbetter v. United American Ins. Co., 624 So.2d 1371, 1373 (Ala.1993) (quoting Morton v. Prescott, 564 So.2d 913, 915 (Ala.1990)).
Danny Dean Whitt and Drake presented evidence that the Architectural Control Committee is not responsible for monitoring the construction of new homes in the subdivision. Nothing in the record disputes that assertion. The evidence also showed that the restrictive covenants for the neighborhood are not concerned with drainage and sewage or with soil suitability. Again, Jones presented no evidence to dispute that. There is no evidence before the trial court that Danny Dean Whitt and Drake had a legal duty as members of the Architectural Control Committee to monitor and control the builder, or the construction, of the home on Lot 20. The trial court properly entered the summary judgments for Danny Dean Whitt and Drake as to the negligence claim.
The summary judgment for Danny Dean Whitt also related to Jones’s claim of suppression as to Lot 20, the lot where the house was built. To overcome Danny Dean Whitt’s motion for summary judgment, Jones had to offer substantial evidence (1) that Whitt had a duty to disclose material facts, (2) that Whitt concealed or failed to disclose those facts, (3) that the concealment induced Jones to act, and (4) that Jones’s action resulted in harm to him. Mason v. Chrysler Corp., 653 So.2d 951 (Ala.1995). “A duty to communicate can arise from a confidential relationship between the plaintiff and the defendant, from the particular circumstances of the case, or from a request for information, but mere silence in the absence of a duty to disclose is not fraudulent.” Id. at 954; Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288 (Ala.1993). Unless information is requested, there is no obligation to disclose when the parties to a transaction deal with each other at arm’s length, and there is no confidential relationship. Mason v. Chrysler Corp., supra. In this case, Jones failed to present substantial evidence that Danny Dean Whitt had a duty to disclose information to him.
*316 The record shows that Danny Dean Whitt and Drake had an agreement to develop real property into Sandra Acres subdivision and that they placed restrictive covenants on the subdivision property in 1989. In September 1992, Danny Dean Whitt and Drake sold Lot 20 to Annie Mae Whitt. Annie Mae Whitt built a house on the lot; and she sold the house to Jones in July 1993. In his deposition, Jones testified that he did not talk with Danny Dean Whitt before buying the house. There is no evidence in the record that Danny Dean Whitt was even aware that Jones was buying the house from Annie Mae Whitt. In DeAravjo v. Walker, 589 So.2d 1292 (Ala.1991), the DeAravjos purchased a new home, then discovered their lot had a drainage problem that resulted in flooding of the lot and the house. The DeAr-avjos sued the builder and the developer, and the trial court entered a summary judgment for the developer. The Alabama Supreme Court affirmed the judgment, holding that the purchaser and the developer were not in privity. In this case, there also is no privity between the subdivision developer, Danny Dean Whitt, and the purchaser, Jones. Danny Dean Whitt had no duty to disclose any information to Jones; therefore, the summary judgment for Danny Dean Whitt was proper as to the suppression claim.
The summary judgment for Danny Dean Whitt and Sandra Whitt also related to the claim that they suppressed material information when they sold Jones Lot 21, the vacant lot. In Alabama, the rule of caveat emptor applies to the sale of unimproved land. Morris v. Strickling, 579 So.2d 609 (Ala.1991); DeAravjo v. Walker, supra. Therefore, we hold that the summary judgment for Danny Dean Whitt and Sandra Whitt also was proper as to this claim.
The judgments of the trial court are due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.