Shelly PERRY, etc., Plaintiff,

v.

HOUSEHOLD RETAIL SERVICES,
INC., et al., Defendants.

Civil Action No. 95–D–45–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 5, 1996.

See also: 953 F.Supp. 1378.

C. Knox McLaney, III, Angela L. Kimbrough, McLaney & Associates, Montgomery, AL, James O. Latturner, Edelman & Combs, Chicago, IL, Lynn W. Jinks, III, Jinks, Smithart, Jackson & Daniel, L.L.C., Union Springs, AL, Cathleen M. Combs, Daniel A. Edelman, Charles E. Petit, Edelman & Combs, Chicago, IL, for plaintiff Shelly Perry.

John E. Goodman, Norman Jetmundsen, Jr., Charles Keith Hamilton, Julie Scharfen-

berg Elmer, Andrew J. Noble, III, Bradley, Arant, Rose & White, Birmingham, AL, for defendant Household Retail Services, Inc.

Edward P. Turner, Jr., Halron W. Turner, Turner, Onderdonk, Kimbrough & Howell, P.A., Chatom, AL, for defendant Best Reception Systems, Inc.

Home Video Electronics, Inc., Douglasville, GA, pro se.

Norman Jetmundsen, Jr., Charles Keith Hamilton, Andrew J. Noble, III, Bradley, Arant, Rose & White, Birmingham, AL, for defendants Household International, Inc., Household Bank (Illinois), N.A.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is defendant Best Reception Systems, Inc.'s motion for summary judgment filed October 31, 1995.[1] In ruling on said motion, the court has considered the parties' respective briefs, as well as the replies and responses thereto. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendant's motion is due to be granted in part and denied in part.

## JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1331 because the amended complaint alleges violations of the Federal Truth–in–Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"). The plaintiff also alleges violations of Alabama and Illinois statutory and common law. These purported violations

transpired during the same transaction and occurrence as the alleged constitutional deprivations; therefore, the court may assert supplemental jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).[2] Personal jurisdiction and venue are not contested.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such

---

**1.** Best Reception Systems, Inc. also filed a motion for summary judgment on July 17, 1995, pertaining to the allegations contained in the original complaint. However, the original complaint was replaced by the amended complaint. Therefore, the court will deny said motion as moot in this opinion. In addition, to the extent that the October 31 motion for summary judgment incorporates the arguments contained in the July 17 motion for summary judgment, the court has considered those arguments in this opinion.

**2.** Pursuant to § 1367,

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. § 1367(a).

that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *see also Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

### FINDINGS OF FACT

This action seeks relief from the practices of Household Retail Services, Inc. ("HRSI"), Household Bank (Illinois), N.A. ("HBI"), Household International, Inc. ("HI"), Best Reception Systems, Inc. ("Best") and Home Video Electronics, Inc. ("Home Video") concerning the financing of satellite television dishes. As a result of these practices, consumers allegedly were deprived of critical information to which they were entitled under TILA.

The plaintiff, Shelly Perry, purchased a satellite dish system from defendant Home Video in August, 1994. Pl.'s Amend.Compl. at ¶¶ 11–13 & Exh. A thereto. The plaintiff entered into an agreement with defendant Best, a distributor of satellite dish equipment for whom Home Video is one of its dealers, to finance the purchase of the satellite dish, a warranty and a subscription to a magazine for satellite dish owners. *Id.* at ¶¶ 11–14 & Exhs. A & C thereto.

The dishes were financed through private label credit cards issued by a joint venture between HRSI and HBI, subsidiaries of HI. Essentially, HRSI has purchased accounts from various Best dealers and purchased the plaintiff's account from Home Video. This private label credit card, entitled a "Powerline Card," purports to be a "credit card" for purchases of products and services only from Best distributors.

In connection with the transaction, Home Video, as the retail dealer, had the plaintiff execute a standardized credit application form, a document entitled "Retail Installment Credit Agreement." The Retail Installment Credit Agreement classified the transaction as an "open end credit arrangement." *Id.* at 14–23 & Exhs. A & C thereto. However, the plaintiff contends that his account with Home Video was, in fact a closed-end credit arrangement and that the defendants did not provide him all disclosures required for such loans. *Id.* at ¶¶ 23 & 49. Specifically, the plaintiff contends that he was not provided with the following material items of information which are required to be disclosed in closed-end credit transactions: (1) the number of payments; (2) the amount of each monthly payments; (3) the amount financed; (4) the total finance charge; (5) the total of payments; and (5) the total sales price.

The amended complaint asserts three claims for relief against Best. In Count I, the plaintiff seeks to establish a claim under TILA, based upon alleged non-disclosure of certain information required in a closed-end credit arrangement. The plaintiff asserts that by employing open-end credit disclosures with respect to transactions not legitimately classifiable as open-ended, Best vio-

lated TILA § 128, 15 U.S.C. § 1638 and the implementing regulations, 12 C.F.R. § 226.17–18.

The plaintiff argues in Count III that Best "engaged in unfair and deceptive acts and practices by failing to furnish ... the additional information that would have been furnished had defendants made closed end credit disclosures instead of open end credit disclosures." According to the plaintiff, this failure amounts to a violation of the Illinois Consumer and Deceptive Trade Practice Act, 815 ILCS 505/1 et seq. ("Illinois Consumer Fraud Act").

Finally, the plaintiff contends in Count IV that Best concealed and fraudulently failed to disclose to the plaintiff the nature of the credit he was applying for, the cost of the credit and other information required by TILA for closed end transactions.

In its motion for summary judgment, Best alleges that it is entitled to summary judgment on these claims asserted by the plaintiff. In the plaintiff's response to the motion, he agrees to dismiss Counts I and III against Best. Based on the plaintiff's representation, the court will not inquire further into these claims, and Best's motion for summary judgment is due to be granted concerning Counts I and III. Hence, the only remaining count under which the plaintiff seeks relief against Best is Count IV, the count for fraud by suppression under Alabama law. The court will next address Best's motion for summary judgment regarding Count IV.

## DISCUSSION

■ The plaintiff contends that the defendants, including Best, committed fraudulent suppression in Count IV of the amended complaint. "To prove a prima facie case of fraudulent suppression, a plaintiff must show: (1) that the defendant had a duty to disclose an existing, material fact;[3] (2) that the defendant had actual knowledge of the fact and its materiality; (3) that the defendant suppressed that fact; (4) that the plaintiff's lack of knowledge concerning that fact induced [him or] her to act; and (5) that [he or] she suffered actual damage as a proximate result of [his or] her acting." *Liberty Nat. Life Ins. Co. v. McAllister,* 675 So.2d 1292, 1296–97 (Ala.1995), *cert. dismissed,* —— U.S. ——, 116 S.Ct. 688 (1995); *see also Dodd v. Nelda Stephenson Chevrolet Inc.,* 626 So.2d 1288, 1293 (Ala.1993); *Brown v. Mendel,* 864 F.Supp. 1138, 1146–47 (M.D.Ala. 1994), *aff'd,* 84 F.3d 393 (11th Cir.1996); *Crowder v. Memory Hill Gardens, Inc.,* 516 So.2d 602, 604 (Ala.1987); Ala.Code § 6–5– 102. The court recognizes that "[a] plaintiff attempting to prove fraudulent suppression need not prove an intent to deceive; the plaintiff only has to prove a breach of the defendant's duty to disclose the suppressed facts." *Id.* (citing *Baker v. Bennett,* 603 So.2d 928 (Ala.1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1260, 122 L.Ed.2d 658 (1993)).

■ Best argues that it owed the plaintiffs no duty to disclose under Ala.Code § 6–5– 102 because the parties do not share a confidential relationship and the circumstances of this particular case do not impose a duty to disclose.[4] Best first contends that under Alabama law, the plaintiff cannot recover against Best for any alleged suppression by the seller of the satellite system because Best is not liable for the actions of the person who sold him the satellite dish. In other words, Best asserts that Alabama law clearly

---

**3.** Alabama's fraudulent suppression statute allows recovery even in the absence of a confidential relationship between the parties. *Barton v. American Red Cross,* 829 F.Supp. 1290, 1309 n. 13 (M.D.Ala.1993), *aff'd,* 43 F.3d 679 (11th Cir. 1994). "One may also recover for fraudulent concealment by showing active concealment of a material fact with an intent to deceive or mislead." *Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So.2d 1288, 1293–94 (Ala.1993) (citing Ala. Code § 6–5–103); *see also Harrell v. Dodson,* 398 So.2d 272, 276 (Ala.1981). Thus, intent to deceive is only required in the absence of a confidential relationship or particular circumstances of the case. Here, in order to recover under

Ala.Code § 6–5–102, the court will inquire into the plaintiff's ability to show the existence of a confidential relationship because, at this point, no evidence has been presented which would substantiate the contention that Best actively concealed a fact with an intent to deceive.

**4.** Ala.Code § 6–5–102 states:

Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.

provides that Home Video is not the agent of a company in Best's position. On the other hand, the plaintiff contends that there are disputed issues of fact as to whether an agency relationship existed between Best and Home Video.

■ Best attempts to avoid liability as a principal by claiming that it "does not control or reserve the right to control the manner in which its authorized dealers sell television satellite systems to consumers." Best's Br. In Supp. Of Mot. For Summ.J. at 2 (filed July 17, 1995). Agency is to be determined "by the facts and not by how the parties characterize the relationship." *Butler v. Aetna Finance Co.,* 587 So.2d 308, 311 (Ala. 1991). Moreover, if the evidence is in dispute, then agency is a question for the trier of fact. *Crowe v. Hertz Corp.,* 382 F.2d 681 (5th Cir.1967); *John R. Cowley & Bros., Inc. v. Brown,* 569 So.2d 375 (Ala.1990); *Sea Calm Shipping Co., S.A. v. Cooks,* 565 So.2d 212 (Ala.1990). In light of these principles and based on the facts before the court, the court finds that a reasonable trier of fact could find that an agency relationship existed between Best and its codefendants. Consequently, the issue is more appropriately left to the judgment of the trier of fact at trial.

Best also contends that the relationship at issue here is similar to the one in *Mason v. Chrysler Corp.,* 653 So.2d 951 (Ala.1995). In *Mason,* the purchasers of a new luxury automobile sued the manufacturer and the dealer for misrepresentation and suppression. Shortly after the sale, the car began experiencing numerous mechanical problems. The plaintiffs claimed that, at the time of the sale, the defendants knew that the entire line of luxury cars had recurring defects. The trial court granted the defendants' motions for summary judgment on all the plaintiffs' claims. 653 So.2d at 952–53. The Supreme Court of Alabama affirmed the summary judgments, finding with respect to the plaintiffs' suppression claim that neither the manufacturer nor the dealer had a duty to disclose its knowledge of the recurring defects:

> This Court has stated that whether one has a duty to speak depends upon a fiduciary, or other, relationship of the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances of the case. When the parties to a transaction deal with each other at arm's length, with no confidential relationship, no obligation to disclose information arises when the information is not requested. There was no evidence of a confidential relationship between the [plaintiffs] and either of the two defendants, and there were no special circumstances to give rise to a duty to speak. The [plaintiffs'] contacts with Chrysler consisted primarily of their viewing national advertisements before they purchased the vehicle and their presenting the vehicle for repair. Neither the [plaintiffs'] depositions nor their affidavits in opposition to the summary judgment motion contain any evidence indicating that they inquired of Chrysler Corporation or Royal Motor Company regarding whether problems similar to· theirs had occurred in other automobiles.

*Id.* at 954–55 (citations omitted). Therefore, Best contends that it had no duty to disclose in what is essentially an "arm's length" transaction.

However, the Supreme Court of Alabama has stated that "[t]he question as to whether a duty to disclose exists is for the jury, 'which should consider the relationship of the parties, the value of the particular facts suppressed, and the relative knowledge of each party.'" *McAllister,* 675 So.2d at 1296–97 (quoting *Baker,* 603 So.2d at 935); *see also Cowen v. M.S. Enterprises, Inc.,* 642 So.2d 453 (Ala.1994). Here, the court finds persuasive the fact that Best was substantially involved in several stages of providing the plaintiffs with financing. Given Best's involvement and the fact that Best accepted service fees and commissions from its codefendants for each credit line issued to purchase a satellite dish, the court believes that Best had superior knowledge of the fact that HRSI, HBI and HI were issuing, if proven true, essentially closed end credit under the guise of open end credit. In fact, one could question whether the plaintiff was "placed in an unequal bargaining position during negotiations" to purchase the satellite dish. *See Interstate Truck Leasing, Inc. v. Bender,* 608 So.2d 716, 720 (Ala.1992) ("Where one party has knowledge of a fact and the other party

is being induced to take action that he would not take if he also had that knowledge, an obligation to disclose arises."). As such, the court finds that whether a duty to disclose exists is an issue for the jury, which should consider the relationship of the parties, the value of the particular facts suppressed, and the relative knowledge of each party.

### CONCLUSION

Because disputed issues of fact exist, it is CONSIDERED and ORDERED that Best Reception Systems Inc.'s motion for summary judgment, filed October 31, 1995, be and the same is hereby DENIED regarding Count IV.

It is further CONSIDERED and ORDERED that Best Reception Systems Inc.'s motion for summary judgment, filed October 31, 1995, be and the same is hereby GRANTED regarding Counts I and III.

It is further CONSIDERED and ORDERED that Best Reception Systems Inc.'s motion for summary judgment, filed July 17, 1995, be and the same is hereby DENIED AS MOOT.