In July 1988, the State of Alabama filed an application in the Jefferson County Probate Court to condemn certain real property owned by Houston O. Bender and leased from him by Interstate Truck Leasing, Inc. (hereinafter "Interstate"). The probate court granted the State's application, *Page 718 
awarding Bender $103,000 as compensation for his property. The State appealed the compensation award to the Jefferson Circuit Court.
Interstate filed a cross-claim against Bender, alleging that before Interstate had leased the property he had fraudulently suppressed the fact that the condemnation proceeding was pending. Interstate also filed a third-party complaint against Metcalf Realty Company, alleging fraud and breach of fiduciary duty. In May 1990, the State moved to sever Interstate's claims from the condemnation action. At the June 6, 1990, hearing on this motion, the trial court ordered a separate trial as to Interstate's claims. The issue of the State's compensation to Bender was tried by jury in October 1990, and the trial court reduced the compensation award to $87,000.
Bender and Metcalf Realty subsequently moved for a summary judgment on Interstate's claims, arguing that the trial court's June 6 order was actually a severance of Interstate's claims, not an order for a separate trial, and that the severed claims were barred by res judicata. The trial court granted Bender's motion and made the resulting judgment final pursuant to Rule 54(b), A.R.Civ.P. The trial court also entered a summary judgment for Metcalf Realty on the remaining claims. Interstate appeals from those two summary judgments.
The first issue presented is whether Interstate's claims were barred by the doctrine of res judicata. Interstate points out that, by definition, res judicata constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. Croft v. Pate,585 So.2d 799 (Ala. 1991). Interstate argues that its claim against Bender was merely set aside for a separate trial, not actually severed under Rule 21, A.R.Civ.P., and thereby concludes that res judicata is not applicable here.
Although the State's motion was styled as a "motion to sever," the written motion did not refer to Rule 21 and, in granting the motion, the trial court noted in the record: "Motion granted to the extent that a separate trial is ordered as to the Interstate claims against Bender and Metcalf Realty." The trial court did not require Interstate to file a new suit against Bender, and Interstate's claims remained under the same case number as the initial condemnation action.
When separate trials are ordered pursuant to Rule 42(b), A.R.Civ.P., a single judgment usually results; accordingly, when the court wishes to enter a judgment as to fewer than all of the claims or parties in the action, it must follow Rule 54(b). Ex Parte Palughi, 494 So.2d 404 (Ala. 1986). When a claim is severed under Rule 21, however, a new action is created and a completely different judgment results.Palughi. Thus, when a judgment is rendered on all the issues in the new action, the fact that issues remain pending in the original action does not make the ruling in the new action an adjudication "as to fewer than all the claims on the rights and liabilities of fewer than all the parties." Thus, Rule 54(b) does not apply. Palughi.
In its October 1990 order awarding compensation to Bender, the trial court included the following provisions:
 "This leaves the case pending on the constructive trust, fraud, and the claims that were severed. . . .
". . . .
 "There being no just reason for delay and pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, the Court hereby directs and enters final judgment in this case on this order."
In view of the foregoing, we conclude that the trial court did not intend to sever Interstate's claims pursuant to Rule 21, but merely ordered a separate trial for the claims, as provided for in Rule 42(b). Accordingly, Interstate's claims against Bender and Metcalf Realty are not barred by the doctrine of res judicata.
Interstate next argues that the trial court erred in entering a summary judgment against its claims of fraudulent suppression against Bender and Metcalf Realty. In order to withstand a defendant's properly supported motion for summary *Page 719 
judgment on a claim of fraudulent suppression, the plaintiff must offer substantial evidence (1) that the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to disclose these facts; (3) that the suppression induced the plaintiff to act; and (4) that the plaintiff's action resulted in his injury. Cornelius v.Austin, 542 So.2d 1220 (Ala. 1989).
The record reveals these facts: Bender owned a certain piece of business property in Birmingham on which the State planned to build a highway overpass. Bender knew for a number of years about the proposed overpass; however, because the State had postponed the project several times, he did not believe it would ever come to fruition. In 1986, Bender retained the services of Metcalf Realty to sell or lease the property. In December 1986, while Metcalf Realty was seeking a lessee or purchaser, Bender received a letter from Lonnie Tidwell, an independent appraiser hired by the State to ascertain the fair market value of Bender's property. Bender telephoned Tidwell and learned that the State had decided to proceed with its plans to build the overpass. On December 17, he met with Tidwell at the property site to discuss the value of the land. Bender contacted his agent at Metcalf Realty and told him about the meeting with Tidwell and about the State's plan to build the overpass. He also gave the agent a copy of the tract map of his property, which was issued to him by the State Highway Department and which included the project number assigned to the property.
Bender subsequently moved to California, and Metcalf Realty continued to search for a buyer or lessee for the property. In February 1987, Metcalf Realty entered into negotiations with Interstate for the lease of the property. Bender conducted business with Interstate solely through Metcalf Realty and never personally spoke with, or otherwise contacted, Interstate. Metcalf Realty did not disclose to Interstate any facts about the State's plan to build an overpass on the property.
During the period of negotiation, Interstate requested a map of the property and Metcalf Realty supplied it with a copy of the tract map issued by the State Highway Department On March 31, Interstate executed a one-year lease with Bender for $1000 per month, beginning on May 1, 1987. The lease included an option to renew for one more year; Interstate could exercise that option by giving written notice by February 1, 1988.
Before opening its business in June 1987, Interstate spent approximately $24,000 for various improvements to the leased property. Shortly after the opening, when a State appraiser visited the property to update Tidwell's 1986 appraisal, Interstate learned for the first time of the impending condemnation action. After several meetings between Interstate and State Highway Department officials, the State granted Interstate permission to remain on the property until the end of July 1988. Interstate did not renew its lease with Bender by giving notice, as required by the contract, but merely held over the lease term until July. At that time, it moved the business to a new site, where the rent was $3663 per month. Interstate subsequently filed this action to recover for the expenses incurred in improving the property and in locating a new site for its business after the condemnation was final.
It is clear that both Bender and Metcalf Realty had superior knowledge of the pending condemnation of the leased property and that they did not disclose it to Interstate before entering into the lease. There is no duty, however, to disclose material facts in an arm's length transaction unless there is a confidential relationship between the parties or there are other special circumstances that mandate the disclosure of such facts. Ala. Code 1975, § 6-5-102; Trio Broadcasters,Inc. v. Ward 495 So.2d 621 (Ala. 1986). Whether there is a duty to speak depends upon the relation of the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances. RNH, Inc. v. Beatty,571 So.2d 1039 (Ala. 1990).
We will first address whether Metcalf Realty had a duty to disclose information to Interstate about the proposed condemnation *Page 720 
of the property site. Metcalf Realty argues that the tract map it gave to Interstate during the negotiation period should have put the company on notice that the State was proceeding in a condemnation action against the property. We find no merit in this contention. The map indicates that it was issued by the State Highway Department, and there is a "project number" upon the face of the document. However, there is nothing on the map to indicate that it was issued in conjunction with a condemnation proceeding or that the project number was a reference to the proposed overpass. There is no evidence to show that Interstate had special experience with State condemnation actions or that it otherwise should have known that the generic tract map issued by the State was related to such an action.
Where one party has knowledge of a fact and the other party is being induced to take action that he would not take if he also had that knowledge, an obligation to disclose arises.Dominick v. Dixie Nat'l Life Ins. Co., 809 F.2d 1559
(11th Cir. 1987). Here, it is uncontroverted that Interstate would not have entered into the lease and invested in improvements on the property if it had known of the State's plan to build an overpass upon it. Further, the evidence indicates that Interstate could not have discovered the impending condemnation through due diligence and, thus, that it was placed in an unequal bargaining position during negotiations for the lease. If a plaintiff offers evidence of special circumstances suggesting that the defendant should have disclosed certain material facts, then whether the defendant had a duty to communicate these facts is for the jury to determine. Lowder Realty, Inc. v. Odom, 495 So.2d 23
(Ala. 1986). In this case, the evidence was sufficient to create a jury question as to whether Metcalf Realty had a duty to disclose. Accordingly, the summary judgment for Metcalf Realty is hereby reversed. This cause must be remanded for further proceedings on the claim against Metcalf Realty.
We next address whether Bender may be liable for fraud in this case. Bender argues that he has no liability for suppression of material facts, because he never met or had any contact with anyone at Interstate until after the lawsuit was filed. He points out that he relied wholly on Metcalf Realty to negotiate the lease. It is well established, however, that a principal may be held liable in respondeat superior
for the fraudulent acts of its agent when such acts are committed within the scope of employment, even if the principal did not authorize or ratify such acts. Pacific Mutual LifeIns. Co. v. Haslip, 553 So.2d 537 (Ala. 1989). Because the question of Metcalf Realty's alleged fraud must be determined by a jury, we cannot say that Bender has no liability. Consequently, Bender was not entitled to a judgment as a matter of law. Thus, Bender's summary judgment must also be reversed as to the fraud claim.
Interstate next argues that the trial court erred in entering the summary judgment for Bender on its claims of unjust enrichment. Interstate emphasizes that it made approximately $24,000 worth of improvements on the property after taking possession and that this amount was computed into the value of the property as assessed by the State prior to condemnation. Interstate argues that it never would have made these improvements if it had known of the impending condemnation. Thus, Interstate concludes that it is entitled to recover its expenses by imposing a constructive trust on the $87,000 compensation awarded to Bender by the State.
Equity may impress a constructive trust on property in favor of the plaintiff when the defendant holds title to the property by fraud, abuse of confidential relationship, or any other form of unconscionable conduct. American Family Care, Inc. v.Irwin, 571 So.2d 1053 (Ala. 1990). However, a constructive trust may not be imposed unless relief at law would be inadequate. American Family Care, Inc. In fraudulent suppression claims against Bender and Metcalf Realty, Interstate seeks to recover the money it spent to improve the leased property. Because Interstate has an adequate remedy at law, *Page 721 
Bender's summary judgment is affirmed as to this issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.