STUART, Justice.
Jacklyn McMahon and Donald McMahon sued the following defendants in the Lowndes Circuit Court: Yamaha Motor Corporation, U.S.A.; Yamaha Motor Manufacturing Corporation of America; Yamaha Motor Co., LTD. (hereinafter referred to collectively as “the Yamaha defendants”); and Montgomery Outdoor Power Products, Inc., d/b/a Montgomery Yamaha-Honda. They asserted a products-liability claim under the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”), as well as negligence, wantonness, breach-of-warranty, and loss-of-consortium claims, after Jacklyn was injured in July 2007 when the 2007 Yamaha Rhino 660, a two-passenger off-road utility vehicle that the McMahons had purchased from Montgomery Yamaha-Honda, rolled over while she was driving it, resulting in injuries to her arms and legs when she apparently extended them out of the vehicle in an attempt to support herself and/or the vehicle during the rollover. The action was subsequently transferred to the Montgomery Circuit Court and, after Montgomery Yamaha-Honda was dismissed as a defendant,[1] the action proceeded to trial. At the close of evidence, the McMahons *771 withdrew their breach-of-warranty claim and the Yamaha defendants moved for a judgment as a matter of law on the remaining claims. The trial court granted that motion with respect to the McMahons’ negligence and wantonness claims, and the remaining AEMLD claim was submitted to the jury. After the jury returned a verdict in favor of the Yamaha defendants, the trial court entered a final judgment in accordance with that verdict. The McMa-hons appeal the judgment on the negligence and wantonness claims. We affirm in part and reverse in part.
I.
The McMahons first argue that the trial court erred by entering a judgment as a matter of law in favor of the Yamaha defendants on their negligence and wantonness claims. We have stated:
“When reviewing a ruling on a motion for a [judgment as a matter of law], this Court uses the same standard the trial court used initially in deciding whether to grant or deny the motion for a [judgment as a matter of law]. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala.1997). Regarding questions of fact, the ultimate question is whether the nonmovant has presented sufficient evidence to allow the case to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala. 1992). The nonmovant must have presented substantial evidence in order to withstand a motion for a [judgment as a matter of law]. See § 12-21-12, Ala. Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. Carter, 598 So.2d at 1353. In reviewing a ruling on a motion for a [judgment as a matter of law], this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Id.”
Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875 So.2d 1143, 1152 (Ala. 2003). Under this standard of review, we must consider whether the McMahons adduced substantial evidence at trial, that is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact[s] sought to be proved,” to support either or both of their negligence and wantonness claims. West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In order to withstand the Yamaha defendants’ motion for a judgment as a matter of law with regard to their negligence claim, the McMahons were required to submit substantial evidence indicating (1) that the Yamaha defendants owed them a duty; (2) that the Yamaha defendants breached that duty; (3) that the McMa-hons suffered an injury; and (4) that the Yamaha defendants’ negligence was the actual and proximate cause of that injury. Ford Motor Co. v. Burdeshaw, 661 So.2d 236, 238 (Ala.1995). The gravamen of the McMahons’ negligence claim is that the Yamaha defendants had the duty to perform adequate testing on the Yamaha Rhino during the development of the product to ensure that the final product that was marketed and sold was reasonably safe for its intended purposes; yet, the McMahons argue, the Yamaha defendants failed to do so and Jacklyn’s injuries were the direct result of that failure. The Yamaha defendants argue that the Yamaha Rhino underwent significant testing during its development, that it is a fundamentally safe vehicle, that the accident was actually caused by Jacklyn’s contributory negli *772 gence, and that the McMahons failed to submit any evidence indicating that the Yamaha defendants were somehow negligent in designing and/or testing the Yamaha Rhino. Moreover, the Yamaha defendants argue, even if this Court concludes that the McMahons did introduce substantial evidence at trial to support their negligence claim, the jury clearly rejected that evidence and/or accepted the evidence of Jacklyn’s own negligence put forth by the Yamaha defendants, inasmuch as the jury returned a verdict against the McMahons on the AEMLD claim that it did consider. Accordingly, the Yamaha defendants argue, any error the trial court may have committed by entering a judgment as a matter of law in favor of the Yamaha defendants on the McMahons’ negligence claim at the close of the evidence was harmless. We agree.
In Atkins v. American Motors Corp., 835 So.2d 134,140 (Ala.1976), which, along with Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976), is one of the cases in which this Court adopted the doctrine that is now known as the AEMLD, we referred to the “almost impossible burden” plaintiffs sometimes bore in attempting to establish negligence in produets-liability actions under the traditional negligence paradigm. We further explained how this burden would “be lightened” by the adoption of what has since become known as the AEMLD. 335 So.2d at 140. An AEMLD claim and a common-law negligence claim have different elements that must be proven, Yamaha Motor Co. v. Thornton, 579 So.2d 619, 621-23 (Ala. 1991), and we have previously explained that an AEMLD claim does not subsume a common-law negligence claim, Tillman v. R.J. Reynolds Tobacco Co., 871 So.2d 28, 35 (Ala.2003); however, there is nevertheless a measure of commonality between those claims. Specifically, a plaintiff pursuing a products-liability claim against a manufacturer under either theory can succeed only if the plaintiff establishes that the product at issue is sufficiently unsafe so as to render it defective. In an AEMLD case, this is done by proving that a safer, practical, alternative design was available to the manufacturer at the time it manufactured the allegedly defective product. General Motors Corp. v. Jemigan, 883 So.2d 646, 662 (Ala.2003). Once established, that is sufficient to succeed on the AEMLD claim. In a negligence case, the plaintiff must establish not only that the product at issue is defective, but also that the manufacturer failed to exercise due care in the product’s manufacture, design, or sale. Atkins, 335 So.2d at 139. However, even if a manufacturer failed to conduct any testing on a product, there could be no recovery for negligence in a products-liability action if the jury nevertheless concluded that the product was safe. With regard to either an AEMLD claim or a common-law negligence claim, the jury must be persuaded that the product at issue is defective before the plaintiff can prevail.
In returning a verdict in favor of the Yamaha defendants on the AEMLD claim, the jury necessarily concluded either (1) that the McMahons failed to establish that the Yamaha Rhino was an unsafe product, or (2) that the Yamaha defendants successfully established that Jacklyn’s accident was the result of contributory negligence on Jacklyn’s part. Either conclusion would have required a verdict in favor of the Yamaha defendants on the McMahons’ negligence claim as well if that claim had been submitted to the jury. See Hannah v. Gregg, Bland & Berry, Inc., 840 So.2d 839, 860 (Ala.2002) (stating that “[a] plaintiff cannot recover in a negligence action where the plaintiffs own negligence is shown to have proximately contributed *773 to his damage” and that “a plaintiffs contributory negligence will preclude recovery in an AEMLD action” as well). Accordingly, even if the trial court erred by not submitting the McMahons’ negligence claim to the jury, that error was harmless; it does not entitle the McMahons to a new trial.
The McMahons also argue that they put forth substantial evidence to support their wantonness claim and that the trial court erred by entering a judgment as a matter of law in favor of the Yamaha defendants on that claim. We first note that “contributory negligence ... is not a bar to a wantonness claim.” Tyler v. City of Enterprise, 577 So.2d 876, 878 (Ala.1991). “ ‘Wantonness’ has been defined by this Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.” Ex parte Essary, 992 So.2d 5, 9 (Ala.2007) (citing Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994)). The McMahons argue that substantial evidence was produced at trial showing that the Yamaha defendants made various conscious decisions throughout the development and testing process of the Yamaha Rhino, as well as after initial reports of injuries involving the Rhino were received, knowing that injuries, especially injuries to arms and/or legs similar to those suffered by Jacklyn, would likely result from those decisions. For example, Dr. Michael Kleinberger, a professor of biomedical engineering with experience working in and managing crash-test facilities, testified regarding a 2001 internal Yamaha e-mail in which an employee of one of the Yamaha defendants stated that accidents involving the Yamaha Rhino that resulted in injuries would likely be of the rollover variety and further identified the specific risk of arm/wrist and leg/ankle injuries resulting from contact of those appendages with the ground and/or the vehicle as a result of the attempts of the belted occupants to support themselves and/or the vehicle during rollovers. When questioned by the McMahons’ attorney at trial, Dr. Kleinberger further testified:
“Q. Is there something that Yamaha could have done, in your opinion, to prevent these injuries, a different design?
“A. I think they should have had a door on the vehicle. You know, what I mentioned before, that the work that was done by John Zell-ner, the simulations and the testing really didn’t start until 2006 and finished in the middle of 2007. Following his work and his final report, Yamaha did decide at that point in time to put the doors on the vehicle. There is no reason why those test simulations could not have been done back in 2001 after this memo was sent or after this email was sent.”
“The ‘knowledge’ of the defendant is ‘the sine qua non of wantonness.’ ” Norris v. City of Montgomery, 821 So.2d 149, 156 n. 9 (Ala.2001) (quoting Ricketts v. Norfolk Southern Ry., 686 So.2d 1100, 1106 (Ala. 1996), quoting in turn Henderson v. Alabama Power Co., 627 So.2d 878, 882 (Ala. 1993)). Viewing this evidence in the light most favorable to the McMahons, as we must pursuant to our standard of review, Waddell & Reed, 875 So.2d at 1152, we conclude that there was substantial evidence introduced at trial from which the jury could have concluded that the Yamaha defendants had specific knowledge of the risk of arm and leg injuries posed by a rollover in the Yamaha Rhino and that they wantonly failed to address that risk in a timely manner.
*774 We do note, however, the Yamaha defendants’ argument that they took all reasonable steps to prevent any injuries the Yamaha Rhino might cause and that there was no wanton misconduct on their part. We have not addressed in any detail the evidence submitted by the Yamaha defendants in this regard; it is sufficient simply to note that that evidence is substantial as well. For precisely that reason, a judgment as a matter of law in favor of any party on the McMahons’ wantonness claims would have been inappropriate. The judgment as a matter of law entered in favor of the Yamaha defendants on the McMahons’ wantonness claim is accordingly due to be reversed.
II.
Finally, the McMahons argue that the trial court exceeded its discretion by excluding certain evidence they sought to admit that referenced fatalities that had resulted from accidents involving the Yamaha Rhino. That specific evidence consisted of: (1) a chart summarizing 26 fatal accidents involving Yamaha Rhinos that was prepared and submitted to the Consumer Product Safety Commission (“the CPSC”) by the Yamaha defendants in 2008 after the CPSC began investigating the safety of the Yamaha Rhino, and (2) the following paragraph of a press release issued on March 31, 2009, after the CPSC and the Yamaha defendants had entered into a voluntary agreement terminating the CPSC’s investigation into the Yamaha Rhino:
“CPSC staff has investigated more than 50 incidents involving these three Rhino models, including 46 driver and passenger deaths involving the Rhino 450 and 660 models. More than two-thirds of the cases involved rollovers and many involved unbelted occupants. Of the rollover-related deaths and hundreds of reported injuries, some of which were serious, many appear to involve turns at relatively low speeds and on level terrain.”
The trial court excluded the chart and redacted the above-quoted paragraph in the press release pursuant to Rule 403, Ala. R. Evid., based on a belief that the introduction of evidence of fatalities resulting from accidents involving a Yamaha Rhino would be unduly prejudicial in this case, which involved an injury, not a fatality.[2]
“A trial court’s ruling on the admission or exclusion of evidence will be reversed only if it is shown that the trial court exceeded its discretion in so ruling.” Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 7 (Ala.2007). See also Queen v. Belcher, 888 So.2d 472, 477 (Ala. 2003) (noting that “a trial court has broad discretion concerning the admission of evidence”). As the Advisory Committee’s Notes to Rule 403 further explain, it is the duty of the trial court judge “to place the probative value or relevancy of evidence on one side of imaginary scales and its prejudicial impact on the other. When the prejudicial impact substantially outweighs the probative value, then the evidence may be excluded.” The Yamaha defendants argue that the potential prejudicial impact of the excluded evidence in the instant case is obvious, while its relevance is suspect, in light of the fact that a sizable number of the fatalities referenced in the excluded evidence were the result of accidents involving risk factors not all of which were present in Jacklyn’s accident. For example, of the 26 fatal accidents documented in *775 the chart, all involved a rider who either was not wearing a helmet or was not wearing a seat belt, driver inattention, alcohol or drugs, excessive speed, inappropriate passenger position, an underage driver, and/or the inappropriate use of the Yamaha Rhino on paved roads.[3] Moreover, the chart gives no indication as to whether the alleged instability of the Yamaha Rhino or the lack of occupant protection played a role in any of the documented accidents. We agree that the trial court had a reasonable basis under Rule 403 upon which to exclude the evidence the McMahons argue should not have been excluded; accordingly, we hold that the trial court did not exceed its discretion by excluding the evidence referencing fatalities resulting from Yamaha Rhino accidents.
III.
The McMahons sued the Yamaha defendants seeking damages based on injuries Jacklyn suffered in a rollover accident that occurred while she was driving a 2007 Yamaha Rhino the McMahons had purchased. Their negligence, wantonness, and AEMLD claims were heard by a jury; however, the trial court entered a judgment as a matter of law in favor of the Yamaha defendants on the negligence and wantonness claims at the close of evidence. The jury then returned a verdict in favor of the Yamaha defendants on the AEMLD claim, and the trial court subsequently entered a judgment on that verdict. On appeal, the McMahons argue that the trial court erred by not submitting their negligence and wantonness claims to the jury and by excluding certain evidence they wished to introduce. We agree that the McMahons produced substantial evidence to support their wantonness claim and that the trial court accordingly erred by entering a judgment as a matter of law in favor of the Yamaha defendants on that claim. As to the wantonness claim, therefore, the judgment is reversed. However, any error the trial court may have committed in entering a judgment as a matter of law in favor of the Yamaha defendants on the McMahons’ negligence claim was harmless because the jury’s verdict on their AEMLD claim establishes that their negligence claim would have been unsuccessful as well. The trial court acted within its discretion in choosing to exclude the evidence in question. Therefore, as to the negligence claim, the judgment is affirmed. This cause is accordingly remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MALONE, C.J., and PARKER, MAIN, and WISE, JJ., concur.
WOODALL and BOLIN, JJ., concur in part and dissent in part.
MURDOCK, J., concurs in the result in part and dissents in part.

. The McMahons and Montgomery Yamaha-Honda filed a joint stipulation and motion for the dismissal of all claims against Montgomery Yamaha-Honda, which the trial court granted.

. Rule 403, Ala. R. Evid., provides, in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....”

. The Yamaha Rhino was designed strictly for off-road use.