[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11153
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-03450-RDP


SANDRA JOHNSON GARDNER,

Plaintiff-Appellant,

versus

ALOHA INSURANCE SERVICES, et al.,

Defendants,

WALMART STORES EAST LP,
ALOHA HOUSEWARES INC.,
insured by Liberty International Underwriters,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 22, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Sandra Johnson Gardner Womack ("Gardner"), proceeding pro se, appeals from several adverse rulings, including the grant of summary judgment, in her state products-liability suit against Aloha Housewares, Inc. ("Aloha") and Walmart Stores East, LP ("Walmart"), arising out of a fire that began in a ceiling fan Gardner had purchased. The district court granted summary judgment in favor of both defendants on the ground that Gardner failed to show the ceiling fan was defective at the time she bought it, and further concluded that Walmart was protected from suit as a distributor under Alabama Code § 6-5-521. On appeal, Gardner argues that: (1) the district court abused its discretion in denying (a) her motion for default judgment against Aloha, which she filed based on Aloha's delay in answering her original complaint, and (b) her untimely motion seeking the production of the fan from Aloha; (2) the court erred in striking the affidavit and excluding the proffered testimony of her electrical engineering expert, who interpreted the fire department's incident report to mean that the department determined that the Aloha fan caused the house fire, and independently concluded the same; and (3) the court erred in granting summary judgment in favor of both Aloha and Walmart based on its conclusion that she failed to show the ceiling fan was defective at the time she bought it. After careful review, we affirm.

2

We review the denial of a motion for a default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). Likewise, we review for abuse of discretion the denial of a motion to compel discovery. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). With respect to the denial of a motion to compel discovery, we recognize that district courts have broad discretion in managing their cases, and we "will not second-guess [a] district court's actions unless they reflect a 'clear error of judgment.'" Id.; see Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); Hinson v. Clinch County, Ga., Bd. of Educ., 231 F.3d 821, 826 (11th Cir. 2000) (concluding that the district court did not abuse its discretion in denying motion to compel production where plaintiff did not file the motion to compel until after the parties had briefed their dispositive motions). We review a district court's evidentiary rulings, including the admission of expert evidence, for an abuse of discretion, and give "considerable leeway" to a district court's evaluation of the reliability of expert testimony. Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005) (citation omitted). We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th

3

Cir. 2005). To obtain reversal of a district court judgment that is based on multiple, independent grounds, however, an appellant must show that every stated ground for the adverse judgment is incorrect; otherwise she is deemed to have abandoned any challenge of that ground, and "the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). While we liberally construe briefs filed by pro se litigants, we will not consider issues not briefed on appeal by a pro se litigant or issues raised for the first time in a pro se appellant's reply brief. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

First, we are unpersuaded by Gardner's claim that the district court abused its discretion in denying her motion for default judgment and her motion for production of the fan. The Federal Rules of Civil Procedure require a response by a party against whom judgment for relief is sought within 21 days of service of the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A)(i). When a civil defendant fails to plead or otherwise defend in response to a complaint, as shown by affidavit or other means, the clerk must enter the party's default, and the plaintiff may also apply to the court for entry of default judgment. Fed.R.Civ.P. 55(a), (b). Entry of default judgment is a "drastic remedy," and should be used "only in extreme situations." Mitchell, 294 F.3d at 1316-17 (quotation omitted) (holding that a defendant's failure to file a timely answer to a plaintiff's complaint did not warrant default judgment where the defendant took part in the removal of the action to

4

federal court; filed a notice of appearance before the plaintiff filed the motion for default; and filed a motion to dismiss shortly after the deadline for responsive pleadings, all of which showed that the plaintiff failed to show that he was prejudiced by the failure to respond).

Here, the district court did not abuse its discretion with respect to either of the Aloha-specific rulings that Gardner challenges on appeal.  First, the district court did not err in denying the motion for default, which was based on Aloha's delay in responding to the original complaint, because Gardner filed an amended complaint that became the operative pleading, and Aloha answered that pleading in a sufficiently timely fashion.  See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that an amended pleading becomes the operative document and supersedes the original pleading, which is deemed abandoned).  Indeed, Gardner does not challenge the adequacy of Aloha's answer to her amended complaint, or even address it.

Second, the district court did not abuse its discretion in declining to grant Gardner's motion for production of the fan.  She filed the motion two weeks after the June discovery deadline, and after both defendants had filed their motions for summary judgment and the parties had fully briefed the same.  See Hinson, 231 F.3d at 826.  Moreover, although Gardner submitted documentation showing that she was in speech therapy in May and underwent surgery in June, she failed to

explain how these issues prevented her from requesting the fan at any point during the six months prior to May, starting from the entry of the scheduling order in November 2011. Thus, the court did not err in concluding that she failed to show good cause to grant her untimely motion or in denying the same.

We also reject Gardner's claim that the district court erred in refusing to consider the proffered testimony of her electrical engineering expert. The Federal Rules of Evidence provide a three-part test governing the admissibility of expert testimony, which requires that (1) the testimony is based upon sufficient facts or data, (2) the expert's methodology underlying his or her conclusion is sufficiently reliable under Daubert,[1] and (3) the expert applied the principles and methods reliably to the facts of the case, such that the testimony will be helpful to the trier of fact. Fed.R.Evid. 702; Hendrix ex rel. G.P. v. Evenflo Co., 609 F.3d 1183, 1194 (11th Cir. 2010); see Daubert, 509 U.S. at 593-94 (providing factors that courts should consider in determining the reliability of expert testimony, all of which concern an assessment of the methodology underlying the expert's conclusions). The party offering the expert has the burden of showing each of these three elements by a preponderance of the evidence. Hendrix, 609 F.3d at 1194.

In this case, the district court did not abuse its discretion in excluding the testimony of Gardner's proposed electrical engineering expert, based on its

---

[1]    Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

6

conclusion that the testimony was not sufficiently reliable. The witness gave no indication as to what methodology he employed in concluding that the fire department's notation "Incident type[:] 440 -- Electrical wiring/equipment problem, other" meant that the fire department attributed the fire to a defect in the ceiling fan, or in independently concluding that the fan caused the fire. Because the witness's affidavit and proposed testimony consisted of bare conclusions without any underlying support, and given that he never inspected the fan itself, the court did not err in concluding that his opinion was too unreliable to be admitted.

Finally, we reject Gardner's claim that the district court erred in granting summary judgment in favor of the defendants. Summary judgment is appropriate if the record evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). In assessing a district court's grant of summary judgment, we view all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. Castleberry, 408 F.3d at 785.

In Alabama, courts assess products-liability claims under the Alabama Extended Manufacturer Liability Doctrine ("AEMLD"). McMahon v. Yamaha Motor Corp., 95 So. 3d 769, 772 (Ala. 2012). To state a claim under the AEMLD, a plaintiff must prove that the product at issue was defective at the time it was sold. Tanksley v. ProSoft Automation, Inc., 982 So. 2d 1046, 1051 (Ala. 2007). A

plaintiff does not have to show the specific defect that caused her injury, only that the product was unreasonably dangerous.  Goree v. Winnebago Indus., Inc., 958 F.2d 1537, 1541 (11th Cir. 1992).  Mere proof of an accident with ensuing injuries is insufficient to establish AEMLD fault; rather, "the plaintiff must affirmatively show that the product was sold with a defect or in a defective condition.'"  Jordan v. Gen. Motors Corp., 581 So. 2d 835, 836-37 (Ala. 1991).  Thus, "[w]ithout evidence to support the conclusion that the product was defective and/or unreasonably dangerous when it left the hands of the seller, the burden is not sustained," and summary judgment is appropriate.  Tanksley, 982 So. 2d at 1051 (quotation omitted).  Although expert testimony will usually be necessary to show a defect where the product is technically complex, the introduction of expert testimony is not an absolute requirement.  Goree, 958 F.2d at 1541 (discussing Brooks v. Colonial Chevrolet-Buick, Inc., 579 So. 2d 1328 (Ala. 1991)).

As the record shows, the district court properly granted summary judgment on the merits in favor of both Walmart and Aloha, based on its conclusion that Gardner failed to show that the ceiling fan was defective at the time she bought it.[2] Notably, the record does not contain any evidence as to the condition of the fan in 2007 or 2008 when Gardner bought it.  Rather, the evidence shows only that

---

[2]    In addition, because Gardner failed to challenge the district court's alternative, independent ground for granting summary judgment in favor of Walmart -- its status as a distributor under § 6-5-521 -- we affirm the grant of summary judgment in favor of Walmart on this procedural basis.  Sapuppo, 739 F.3d at 680.

Gardner suffered injuries from an accident involving the ceiling fan in 2009.  This evidence is insufficient.  <u>Tanksley</u>, 982 So. 2d at 1051.  Moreover, although Gardner asserts, for the first time in her reply brief, that the existence of similar suits involving the same Aloha fan shows that the fan was defective, the record is devoid of this evidence and we need not address the argument in any event because she failed to raise it in her initial brief.  <u>Timson</u>, 518 F.3d at 874.

**AFFIRMED.**