PARKER, Justice.
AFFIRMED. NO OPINION.
See Rule 53(a)(1), (a)(2)(B), and (a)(2)(F), Ala. R.App. P.
MOORE, C.J., and STUART, MAIN, and WISE, JJ., concur.
BOLIN, MURDOCK, SHAW, and BRYAN, JJ.,‘ dissent.
BOLIN, Justice
(dissenting).
In McMahon v. Yamaha Motor Corp., U.S.A., 95 So.3d 769 (Ala.2012) (‘‘McMahon I”), I concurred with Justice Woo-dall’s special writing dissenting from this Court’s reversal of the judgment as a matter of law (“JML”) on Jacklyn and Donald McMahon’s wantonness claim and concurring with the affirmance of the judgment as to the other claims. 95 So.3d at 775 (Woodall, J., concurring in part and dissenting in part). Consistent with my position at that time — that the trial court did not err in entering a JML in favor of the Yamaha defendants on the McMahons’ wantonness claim — I respectfully dissent from the Court’s decision today affirming the trial court’s judgment based on the jury verdict in favor of Jacklyn McMahon on the wantonness claim. On, remand, even the trial judge, after, hearing the evidence a second time, expressed her disagreement with submitting the wantonness claim to the jury:
“Okay. And, again, everyone knows we are back here because the Supreme Court has instructed us that they believe that there was a question on the wantonness which this court completely disagrees with.
“I’ve sat through both trials. And, again, if this was the first trial, I would be making the exact same ruling. We wouldn’t be going to the jury on that.
“However, that is not my job. I’m going to follow the instructions of the Supreme Court which is they want it to go to the jury on the wantonness. So it’s going.
“And I say that because I’m' going to note that I think the [McMahons] this time have done a much better job trying this case this time, a lot better job than *147 the first time. And even with that, I still would not be sending this to the jury on wantonness.... ”
Clearly, although the trial judge candidly admitted that the McMahons had presented a better case the second time, she nevertheless reasserted her position that the evidence regarding wantonness had not changed and that the evidence was insufficient to warrant submitting the claim to the jury. Accordingly, I reassert my original position in McMahon I — that the evidence was insufficient to warrant submission of the wantonness claim to the jury — and I dissent from today’s decision affirming the trial court’s judgment based on the jury verdict in favor of Jacklyn McMahon on her wantonness claim against the Yamaha defendants.