**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12623

Non-Argument Calendar

————————————

DAGNEY JOHNSON BURT,

*Plaintiff-Appellant,*

*versus*

VOLKSWAGEN GROUP OF AMERICA, INC.,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cv-01693-RDP

————————————

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Dagney Burt appeals the dismissal of her lawsuit against Volkswagen Group of America ("Volkswagen"). On appeal, Burt

argues that the district court erred when it dismissed her fraudulent suppression, negligence, and Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Stat. § 8-19-1 et seq, claims as inadequately pled.  She also argues the court erred when it denied her motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(2).

We write only for the parties who are already familiar with the facts.  Therefore, we include only so many of the facts as is appropriate to understand our opinion.

## I. FACTS

Burt purchased her Volkswagen Atlas new in 2022 and it was warranted for 4 years or 50,000 miles, whichever came first.  After driving it for over 57,000 miles in two years, Burt took the car to the dealership because of an oil leak.  The dealer determined that the car's oil separator was sticking, causing the leak.  The dealer quoted her a price for the repair because the car was by then out of warranty.  Burt declined the repair.

Burt continued to drive the car and the oil leak worsened.  She had to refill the oil frequently.  On May 21, 2025, the car broke down because the rotator belt snapped, having been compromised by the oil leak.  Burt replaced the rotator belt and battery and left Birmingham for Gulf Shores, Alabama, two days later.  During the one-day trip, she added ten quarts of oil.  However, shortly before reaching her destination, the air conditioner stopped working and oil began spewing out of the back of the car.  Once she reached her destination, Burt had the car towed back to Birmingham, to the

dealer.  The dealer repaired the oil leak but also needed to install a new rotator belt and air conditioner compressor as well as fix a problem with the check engine light and leak detection pump.

Before the events in May 2025, Burt had already filed suit against Volkswagen in December 2024.  In April 2025, she amended her complaint to be a class action lawsuit.  Her operative first amended complaint alleged breach of express warranty, breach of implied warranty, negligence, unjust enrichment, fraud and suppression, violation of the Alabama Deceptive Trade Practices Act, and violation of the New Jersey and Virginia consumer protection acts; it sought injunctive and equitable relief.

Volkswagen moved to dismiss the action and the district court granted the motion.  In its order, as pertinent to the only claims Burt pursues on appeal, the district court rejected Burt's negligence claim because the economic-loss rule barred recovery for the vast majority of Burt's damages, specifically the ones to her vehicle.  It also rejected her negligence claim because she did not plausibly allege that Volkswagen violated any duty that it owed to her.  Turning to the count for "Fraud and Suppression," the court first noted that it was barred by the prohibition against shotgun pleadings because it contained two separate claims in one count.  It then rejected the fraudulent misrepresentation claim on the additional ground that the complaint's allegations were not specific enough and because the economic-loss rule prevents recovery when the product damages itself.  The court also rejected Burt's suppression claim because of the economic-loss rule as well as her

4                    Opinion of the Court                    25-12623

inadequate allegations of a duty to disclose the alleged oil separator defect.  Finally, the court rejected Burt's ADTPA claim because she failed to plausibly plead either any misrepresentations with particularity or that Volkswagen had a duty to disclose the alleged defect and because she did not claim that her vehicle was inoperable, that she had to have it repaired, that she ever stopped driving it, or that it was rendered unsafe.  The district court dismissed the other claims and Burt does not challenge their dismissal.  Thus we address only the three claims challenged by Burt on appeal: the fraudulent suppression claim, the negligence claim, and the ADTPA claim.[1]

Burt filed a motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(2), in which she alleged—as newly discovered evidence—facts pertaining to the events of May 2025.  The district court rejected the new evidence because  it was available to Burt before the district court rendered its decision on the motion to dismiss.  Further, the court reasoned, even considering the new evidence, its decision would remain the same.

## II. DISCUSSION

*A. Fraud and Suppression (Count Six)[2]*

---

[1] Burt's other claims are abandoned.  *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not raised on appeal are deemed waived).

[2] Burt does not challenge on appeal the district court's dismissal of her fraudulent misrepresentation claim on the grounds of inadequate pleading of the

To prevail on a claim for fraudulent suppression, the plaintiff must show "1) that the defendant had a duty to disclose material facts, 2) that the defendant concealed or failed to disclose those facts, 3) that the concealment induced the plaintiff to act; and 4) that the plaintiff's action resulted in harm to the plaintiff." *Mason v. Chrysler Corp.*, 653 So. 2d 951, 954 (Ala. 1995) (citing *Interstate Truck Leasing, Inc. v. Bender*, 608 So.2d 716 (Ala.1992)). "A duty to communicate can arise from a confidential relationship between the plaintiff and the defendant, from the particular circumstances of the case, or from a request for information, but mere silence in the absence of a duty to disclose is not fraudulent." *Id.* The court in *Mason* further explained:

> whether one has a duty to speak depends upon a fiduciary, or other, relationship of the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances of the case. When the parties to a transaction deal with each other at arm's length, with no confidential relationship, no obligation to disclose information arises when the information is not requested.

*Id.* at 954-55 (internal citations omitted).

In *Mason*, the plaintiffs brought suit against the manufacturer and dealer of the car they purchased that had serial problems.

---

misrepresentations that she relied upon. She has therefore abandoned this claim and we affirm the district court's dismissal of that claim. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not raised on appeal are deemed waived).

They alleged, among other things, that the defendants failed to disclose that the car had "recurring defects" and that a confidential relationship existed between the parties that required disclosure. *Id.* at 953. The court noted that the plaintiffs' interactions with the defendant manufacturer consisted of viewing their national advertisements and presenting their car for repair; they did not inquire as to whether similar problems occurred in other vehicles. *Id.* at 955. The court concluded that this did not create a confidential relationship or present special circumstances that would require disclosure. *Id.*

Burt argues that the district court improperly relied on *Mason* to dismiss her claim because the procedural posture there—motion for summary judgment—differed from her case's. However, her efforts to distinguish *Mason* fail. In *Mason*, the plaintiffs relied on national advertisements as to the quality of the vehicle—similar to the national advertisements which Burt allegedly relied on. And in *Mason*, in an arm's length transaction with no confidential relationship, the Alabama Supreme Court held: "no obligation to disclose information arises when the information is not requested." *Id.* The Alabama Supreme Court held that there was no duty to disclose to the purchaser of the automobile in *Mason* because there was no "evidence indicating that they inquired of Chrysler Corporation or [the dealer] regarding whether problems similar to theirs had occurred in other automobiles." *Id.* Similarly, in this case, Burt has not alleged that she made relevant inquiries of Volkswagen or the dealer. And Chrysler, in *Mason*, had greater knowledge of the relevant problem with the vehicle, comparable

25-12623               Opinion of the Court                    7

to the greater knowledge Burt alleges in this case.  *See id*. at 953 ("The record indicates that Chrysler Corporation was aware of the recurring problems and that, beginning in 1983, Chrysler supplied its dealerships with a 'repair kit'"); *see also State Farm Fire and Cas. Co. v. Owen*, 729 So.2d 834, 843 (Ala. 1998) ("Superior knowledge of a fact, without more, does not impose . . . a legal duty to disclose such information. . . . There was no evidence that Owen inquired into State Farm's ratemaking procedures. . . . In the absence of an inquiry, we cannot say that she had no opportunity to learn about how her premium would be computed.").

Here, as the district court concluded, Burt has not alleged a confidential relationship or any special circumstances that would create a duty to disclose.  She has not pointed to any alleged facts suggesting that she sought the information she asserts was suppressed by Volkswagen or any other circumstances that would weigh in her favor.  With respect to Burt's fraudulent suppression claim and its duty to disclose aspect, the facts of this case are indistinguishable from those in *Mason*, thus indicating that Burt's alleged facts do not allege a duty to disclose.  Because she has not alleged a duty to disclose the information, the district court properly dismissed her claim for fraudulent suppression.[3]

---

[3] Because we affirm the district court's dismissal of Count 6 on the ground of duty to disclose, we need to not discuss the alternative grounds of the economic-loss doctrine or shotgun pleading.

*B. Negligence*

Under Alabama law, "[t]he elements for recovery under a negligence theory are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Yamaha Motor Co. v. Thornton*, 579 So. 2d 619, 623 (Ala. 1991). Further, "a plaintiff pursuing a products-liability claim against a manufacturer . . . can succeed only if the plaintiff establishes that the product at issue is sufficiently unsafe so as to render it defective." *McMahon v. Yamaha Motor Corp., U.S.A.*, 95 So. 3d 769, 772 (Ala. 2012).

The pleading standards in the Federal Rules of Civil Procedure "appl[y] to state-law claims litigated in federal court." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1130 (11th Cir. 2019). While we accept the factual allegations in the complaint as true, construing them in the light most favorable to the plaintiff, the allegations must state a claim for relief that is plausible, not merely possible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The district court dismissed this claim because Burt failed to plausibly allege that her vehicle was sufficiently unsafe as to render it defective. It reasoned that she had driven the car over 57,000 miles before it developed the oil separator issue and then she continued to drive after declining to get it repaired. The operative first amended complaint did not allege that she had stopped driving the

car;[4] rather, it made a conclusory statement that the car was unsafe. Under the alleged facts, we agree with the district court that Burt has not plausibly alleged that the car was sufficiently unsafe so as to be defective.

## C.  Alabama Deceptive Trade Practices Act

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). Courts refer to this heightened pleading standard as Rule 9(b)'s "particularity requirement." *See Iqbal*, 556 U.S. at 686. We have held that Rule 9(b) requires the plaintiff to allege "the who, what, when[,] where, and how" of the fraudulent conduct. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). In other words, the plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[ ]; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*,

---

[4] The events of May 2025 were not included in the operative first amended complaint nor brought to the district court's attention before it rendered its decision.  As discussed below, when Burt, in her post-judgment motion, attempted to rely on the events in May 2025 as newly discovered evidence, the court rejected the attempt.  D.C. Order, Doc. 37 at 7 (holding that Burt "did not move to amend her complaint or otherwise alert the court in a timely manner upon discovering the newly discovered evidence.").

10                    Opinion of the Court                    25-12623

605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)).

The district court dismissed Burt's ADTPA claim because she "utterly failed to plead any facts establishing there was any actionable deception." We agree. Burt's complaint is devoid of the type of particularity required under Rule 9(b) and instead makes generalized claims about Volkswagen's representations and what Burt relied upon. This is not enough. Further, as discussed above, Burt has failed to plead any facts that would show that Volkswagen had a duty to disclose the alleged flaw. Also, as discussed above, her complaint failed to allege that her vehicle was inoperable or that she had it repaired as a result of the alleged flaw. Thus, we affirm the dismissal of her claim under the ADTPA.[5]

*D. Motion to Reconsider*

The only grounds for granting a motion under Federal Rule of Civil Procedure 59 are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Under Federal Rule of Civil Procedure 60(b)(2), a party may move for relief from a final order if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ.

---

[5] We need not address the district court's alternative holding that Burt was barred from bringing a claim under the ADTPA because she brought common law fraud claims.

P. 60(b)(2). These rules require the movant to show: (1) newly discovered evidence; (2) due diligence by the movant to discover the new evidence; (3) that the evidence is "not . . . merely cumulative or impeaching"; (4) that the evidence is material; and (5) that the evidence "would probably produce a new result." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). We review the denial of a motion under either rule only for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (Rule 60(b)); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001) (Rule 59(e)). "A motion for reconsideration cannot be used to . . . raise argument or present evidence that could have been raised prior to the entry of judgment." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) (quotation omitted). "Unexcused failure to produce the relevant evidence . . . can be sufficient, without more, to warrant the denial" of such a motion. *See Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (*quoting Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 391 (5th Cir. 1977)).

The district court denied Burt's motion for reconsideration that sought to introduce as new evidence her car's breakdown and subsequent bill for the repairs needed to fix her car. The motion, filed on June 18, alleged that this new evidence was not available because the full extent of the damage to the car and cost of repair was not known until shortly before the motion was filed. **Doc. 34 at 5.** But the same motion stated that, as of May 23, "it was obvious the car could not be trusted no matter how much oil it guzzled." **Id.** Thus, the evidence of the car's breakdown could have been

submitted before Volkswagen replied on June 6, 2025, to Burt's opposition to the motion to dismiss, and long before the district court's judgment on June 11, 2025. Because this evidence was not new, the district court did not abuse its discretion when it denied the motion.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is

AFFIRMED.